## Case No. 13,718.

### The SYRACUSE.

[6 Blatchf. 238.] [1]

Circuit Court, S. D. New York. Nov. 20, 1868. [2]

COLLISION—RUNNING AT NIGHT—PRACTICE IN ADMIRALTY—TAKING TESTIMONY.

1. A steamboat was held in fault. in this case, for running at too high a rate of speed through a crowd of vessels, in the night time, the lights of such vessels being seen by her.

2. The practice of taking down by questions and answers, and not by way of narrative. the testimony given viva voce. in open court, in admiralty suits, reprobated.

3. Rules, on that subject. made by the circuit and district courts of this district.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel in rem, filed in the district court, by the owner of the steamboat Rip Van Winkle against the steamboat Syracuse, to recover for the damages caused to the former vessel, by a collision which occurred, on the Hudson river, between one and two o'clock a. m., on the 16th of May. 1866. opposite the buoy on the west bank of Percy's Reach. near the city of Hudson. between the Rip Van Winkle and a barge that was in tow of and lashed to the port side of the Syracuse. The collision took place while the Rip Van Winkle was running diagonally across the river from its western shore to its eastern shore, she being bound up the river, and the Syracuse being bound down. The district court decreed for the libellant [Case unreported]. and the claimants appealed to this court.

Dennis McMahon. for libellant.

Erastus C. Benedict and Robert D. Benedict, for claimants.

---

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]
[2] [Affirmed in 9 Wall (76 U. S.) 672.]

NELSON, Circuit Justice, after holding, that, on the proofs, the libellant had failed to sustain his position that the Syracuse caused the collision by suddenly altering her course, said: The proofs show that the Rip Van Winkle was clearly in fault in keeping up her high rate of speed while crossing the river at this reach, in the midst of the vessels which at this time occupied it. There were two tugs, with tows, on the western side, and one nearly opposite, on the eastern side. The morning was somewhat dark, with occasional starlight; and one of the pilots on board of the Rip Van Winkle says, that, when he first saw the lights, it appeared as if the river was filled with vessels, and that they became the subject of conversation between him and the other pilot. And yet the pilot who was in charge of the navigation of Rip Van Winkle, admits that he did not slacken his speed, but crossed among these vessels at his usual rate. That rate was seventeen miles an hour.

I cannot avoid referring to the confused and painfully tedious mode of taking the evidence in this case. by questions and answers, and not by way of narrative. The folios are fourfold in number what they would otherwise have been, and the surplus is worse than useless. I trust that this most inconvenient and embarrassing mode of taking testimony will be corrected by the rules recently adopted on the subject by the circuit and district courts. These observations are not intended to apply any more to the present case than to most of the appeals which have come before me for some time past.

The decree below is reversed, and a decree will be entered dismissing the libel.

[On appeal to the supreme court, the above decree was affirmed. 9 Wall. (76 U. S.) 672.]

The following are the rules referred to above: Circuit Court Rule. November 17th, 1868. On the hearing. in this court, of an appeal from the district court, on any record which shall hereafter be transmitted from the district court, no statement or report found in such record, of any testimony given viva voce, in open court, in the district court, will be considered by this court as evidence, unless such testimony shall appear, on its face. to have been taken down in the same manner as in jury trials in common law issues, and not verbatim, as in depositions de bene esse.

District Court Rule, November 17th, 1868. The clerk of this court, in making up the record to be transmitted to the circuit court, on an appeal, in pursuance of rule No. 53, adopted by the supreme court. at the December term, 1854, as one of the rules for regulating proceedings in admiralty, shall not include in such record, as any portion of the testimony on the part of any party, any statement or report of any testimony given viva voce in open court. unless such testimony shall have been taken down in accordance with rules 124 and 125 of this court, and shall have become the true minutes of such testimony, in accordance with rules 124. 125, 126, and 127 of this court; and no consent of parties shall be of any avail to dispense with or vary so much of said rules 124 and 125 as requires such viva voce testimony given in open court. to be taken down in the same manner as in jury trials in common law issues, and not verbatim, as in

depositions de bene esse. Whenever such testimony shall be taken down by the clerk, the legal fees chargeable by him therefor, shall be taxable as part of the costs in the cause.

Rule 124. When either party shall require viva voce testimony given in open court, to be taken down by the clerk, pursuant to the act of congress, it shall be taken in the same manner as in jury trials on common law issues, and not verbatim, as in depositions de bene esse.

Rule 125. The notes of the judge may, by assent of parties, be used as if taken down by the clerk.

Rule 126. Either party desiring to diminish, vary, or enlarge the minutes of proofs taken by the clerk or judge, may, within two days after the trial, serve a statement of proofs on the proctor of the opposite party, and such state-

ment, if assented to, or, if no amendments are proposed thereto, within two days thereafter, by such proctor, shall be regarded the true minutes of the testimony given, and the notes of the judge or clerk be corrected in conformity thereto.

Rule 127. If amendments are proposed, and the parties do not agree therein, the statements and amendments shall be forthwith referred to the judge, and he shall settle or determine how the facts are, and the statement thus settled or adjusted, shall be filed as the true minutes of the testimony given.